IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re INACOM CORP., *et al.*,

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors,[2] | Civil Action No. 04-612 GMS |
| Plaintiff, <br> v. | Adversary Case No. 03-50501 (PJW) <br> Bankruptcy Case No. 00-2426 (PJW) |
| GENERAL ELECTRIC COMPANY, | |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE TESTIMONY OF GENERAL ELECTRIC COMPANY'S
PERSON MOST KNOWLEDGEABLE AND PRODUCTION OF
<u>DOCUMENTS AT TIME OF TRIAL [MOTION IN LIMINE NO. 1 OF 1]</u>**

**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**
Andrew W. Caine (Ca Bar No. 110345)
Jeffrey P. Nolan (Ca Bar No. 158923)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201—760

**PACHULSKI, STANG, ZIEHL, YOUNG JONES & WEINTRAUB P.C.**
Laura Davis Jones (DE Bar No. 2436)
Sandra G. McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Date: March 31, 2005

---

[2] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

1.  The present Motion in Limine (the "Motion") is based on simple fairness, equity and the case law surrounding the principle of preventing unfair surprise at time of trial. There has been no antagonistic or vociferous exchange between the Parties with respect to Defendant's failure to produce an individual to testify under Fed. R. Civ. P. 30(b)(6) ("Notice of Deposition"). There has been no antagonistic or vociferous exchange between the Parties with respect to Defendant's failure to produce documents or witnesses to support their affirmative defenses. Rather, Defendant has stated to Plaintiff, as well as to the Court, on repeated occasions that they simply have no one at General Electric Company ("GE Co.") who is knowledgeable or who can testify on the areas designated in the Notice of Deposition.

### STATEMENT OF FACTS

2.  On September 10, 2004, Plaintiff propounded Request For the Production of Documents, Special Interrogatories and Request for Admissions. (See attached Exhibits A, B and C, respectively.) Defendant produced no documents and did not respond to the written discovery. (See Declaration of Jeffrey P. Nolan.)

3.  On November 12, 2004, Plaintiff issued a Notice of Deposition of the Person Most Knowledgeable on eight (8) topics which are at issue in the present litigation. (See Notice of Deposition of Person Most Knowledgeable, attached hereto as Exhibit D.) Plaintiff also requested that certain document be produced at the deposition.

4.  On December 1, 2004, Defendant indicated that they had no such individual that they could find who was knowledgeable on any of the topics enumerated in the

Notice of Deposition. (See email dated December 1, 2004, attached hereto as Exhibit E.) Further, Defendant stated that they could find no document given the differing divisions of GE Co. and the inability to locate knowledgeable individuals.

5. On December 13, 2004, the Parties executed a Stipulation and requested from the Court additional time to allow GE Co. to locate documents and witnesses in response to written discovery and the Notice of Deposition. The Stipulation recited Plaintiff's propounding of discovery and Defendant's inability to respond. The Stipulation noted that Defendant had not produced anyone for deposition on December 2, 2004. (See Stipulated Continuance of Scheduling Order, attached hereto as Exhibit F.)

6. On December 17, 2004, the Court granted the additional time frame extending to March 9, 2005 to allow the meaningful taking of discovery enumerated. (See the executed Order, attached hereto as Exhibit G.)

7. On December 27, 2004, Plaintiff forwarded correspondence to Defendant outlining that with the additional time allowed by the Court, Defendant needed to produce documents and witnesses. (See attached Exhibit H.)

8. On February 8, 2005, Plaintiff again inquired about the status of Defendant's production in response to discovery. (See correspondence attached as Exhibit I.)

9. Counsel for Plaintiff forwarded documents and invoices to Defendant to assist in locating individuals at the Defendant and documents pertinent to the dispute. (See correspondence dated February 10, 2005, attached hereto as Exhibit J.)

10. Counsel for Defendant has discussed the lack of production with Defendant on numerous occasions. (See Decl. of J. Nolan.)

## THE COURT HAS INHERENT POWER, OR ACTING PURSUANT TO RULE 37, TO SANCTION A PARTY FOR DISCOVERY ABUSES

11.     Trial judges have the leeway to tailor evidentiary sanctions to ensure that spoliators of evidence do not benefit from their wrong-doing – remedial purpose at its best adjusted according to the facts and evidentiary posture of each case. *Riley v. NatWest Markets Group, Inc.*, 181 F.3d 267 (2nd Cir. 1999). "as other circuits have recognized, it makes little sense to confine promotion of that remedial purpose to cases involving only outrageous culpability, where the party victimized by the spoliation is prejudiced irrespective of whether the spoliator acted with intent or gross negligence. *Id.* citing to *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Glover v. Bic Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Pressey v. Patterson*, 898 F.2d 1018, 1023-1024 (5th Cir. 1990); *Welsh*, 844 F.2d at 1246.

12.     In *Riley v. NatWest Markets Group, Inc.*, NatWest maintained that the trial judge abused his discretion when he precluded certain fact witnesses who were not produced for deposition in response to Riley's Rule 30(b)(6) Notice. The court disagreed.

13.     Under Rule 30(b)(6), when a party seeking to oppose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with the subject. See Fed. R. Civ. P. 30(b)(6) James M. Moore, et. al., *Moore's Federal Practice*, § 30.25[3] (3d ed. 1998). To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available "such number of persons as will be able to give complete, knowledgeable and binding answers" on its behalf. *Id.* at 268. When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion

of evidence. *Id.* citing to Fed. R. Civ. P. 37(b)(2)(B); See *Commodity Futures Trading Comm'n v. Noble Metals Intl, Inc.*, 67 F.3d 766, 770-771 (9th Cir. 1995).

14. At trial in the *Riley* matter, NatWest sought to have two witnesses testify on the two issues which were the subject of the 30(b)(6) Deposition Notice. By failing to produce those witnesses in a timely fashion, the court found that NatWest violated the trial court's order regarding the completion of discovery. *Id.* at 269. Similarly, NatWest violated rule 30(b)(6) as NatWest never explained why they had not made the individuals available for deposition, as well as the fact that defendant would have been prejudiced by the fact that they never had an opportunity to depose such individuals. *Id.* at 269.

15. In the present case, GE Co. has had ample opportunity to produce individuals in response to the 30(b)(6) Deposition Notice. Counsel for Plaintiff has informally exchanged documents in an attempt to give GE Co. an ability to locate the witnesses and pertinent documents. (See attached Exhibit J.) The Court has continued the Scheduling Order to allow GE Co. to engage in such further investigation. The bottom line is that GE Co. has had ample opportunity to locate such documents and produce such witnesses. It is extremely inequitable to allow GE Co. to alter such position in contravention of the Federal Rules of Civil Procedure.

16. Before a court precludes the presentation of evidence at trial, the Court of Appeals requires that the party to be sanctioned "(1) revealed previously undisclosed evidence when trial was either imminent or in progress; or (2) acted in bad faith, which is more than a mere lack of diligence." *Constellation New Energy, Inc. v. PowerWeb, Inc.*, 2004 W.L. 1784373 (E.D. Pa., 2004) at p. 6. When deciding these issues, the court will consider "(1) the prejudice or

surprise in fact of the party against whom the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the Rule 37 sanctions would disrupt the orderly and efficient trial in the case or of other cases in the court; and (4) bad faith or willfulness of the party failing to make a required disclosure." *Id.* In the present case, the Parties are only two weeks away from trial. The prejudice to Plaintiff is extreme in that the documents requested and individuals whose testimony was required went to all the fundamental issues in the case, including the facts behind the Defendant's affirmative defenses. (<u>See</u> Request to Produce Documents and Special Interrogatories, attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>.) Plaintiff would have no ability to cure this prejudice as Plaintiff has literally been kept in the dark concerning any such information or data with the exception of the production of a single agreement. Despite repeated requests, Defendant has produced no formal responses or 30(b)(6) witness(es). Production of any witnesses or individuals at the time of trial would undoubtedly lead to a continuance of the case and disruption of the Court's calendar. While an argument can be made to continue the trial, it will certainly place the matter back in its infant stages of litigation given that the documents and witnesses requested were those same documents requested at the beginning of the litigation. Lastly, and as stated earlier, Plaintiff is not asserting that there is any bad faith necessarily involved on behalf of the Defendants. Rather, if and when an explanation was provided why such documents and individuals were not presented, the Court could make its own inquiry as to the basis for such failures. Under the circumstances, Plaintiff submits that the factors favor in granting the present Motion and excluding the evidence.

Dated: March 31, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (DE Bar No. 2436)
Sandra G. McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

and

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for Debtor and Debtor in Possession
INACOM CORP

**SEE APPENDIX OF EXHIBITS IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF GENERAL
ELECTRIC COMPANY'S PERSON MOST KNOWLEDGEABLE AND PRODUCTION
OF DOCUMENTS AT TIME OF TRIAL
[MOTION IN LIMINE NO. 1 OF 1]**

## CERTIFICATE OF SERVICE

I, Sandra G. McLamb, hereby certify that on this 31st day of March 2005, I caused a copy of the foregoing *Memorandum of Points and Authorities in Support of Plaintiff's Motion in Limine to Exclude Testimony of General Electric Company's Person Most Knowledgeable and Production of Documents at Time of Trial [Motion in Limine No. 1 of 1]* to be served on the individual(s) listed below in the manner indicated herein.

**First Class Mail**
(Counsel to General Electric Company)
Daniel B. Rath, Esquire
Rebecca L. Butcher, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, DE 19801

**Hand Delivery**
(General Electric Company)
Rick Evans
John Whittle
Appliance Park Building 2-225
Louisville, KY 40225

_____
Sandra G. McLamb (Bar No. 4283)