IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>INACOM CORP., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 00-2426<br>Jointly Administered |
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>Plaintiffs,<br>v.<br><br>GENERAL ELECTRIC COMPANY<br><br>Defendant. | Bank Adv. No. 03-50501<br><br>Civil Action No. 04-612(GMS) |

## PLAINTIFF'S FIRST SET OF DOCUMENT PRODUCTION REQUESTS

TO:   Defendant, General Electric Company ( "DEFENDANT")

FROM:   Plaintiff Inacom Corporation, on behalf of the substantively consolidated debtors ("Inacom", "DEBTOR" or "PLAINTIFF")

PLEASE TAKE NOTICE that pursuant to Bankruptcy Rule 7034 and Rule 34 of the Federal Rules of Civil Procedure Plaintiff requests that Defendant respond to Plaintiff's First Request for Production of Documents ("Document Production Requests") within thirty (30) days of the time of their service and produce all responsive documents at the offices of Pachulski,

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

DOCS_LA:128933.2

Trial Exh. 9

Stang, Ziehl & Young P.C., attn.: Jeffrey P. Nolan, 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California.

## DEFINITIONS AND INSTRUCTIONS

A.      The term "DOCUMENT(S)" means and includes, without limitation, the following: any and all writings of whatever kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including without limitation correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures), and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs, recordings).

B.      "CONCERN" or "CONCERNING" means relate to, refer to, describe, evidence or constitute.

C.      "DEBTOR" OR "PLAINTIFF" means InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.;

DOCS_LA:128933.2

InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

D.  "YOU" or "YOUR" or "DEFENDANTS" means General Electric Company, and shall include GE Appliance and its, representatives, attorneys, accountants, and all other persons acting on its behalf or under its control.

E.  "PERSON" means and includes natural persons, firms, associations, corporations, institutions, partnerships, government agencies, or other organizations cognizable at law, and their agents and employees.

F.  "COMMUNICATION" means every manner or means of disclosure, transfer, or exchange of information, words, thoughts or ideas, whether orally or by document, whether face-to-face, by telephone, mail, personal delivery, electronic communication or otherwise.

G.  "ACTION" means the legal proceeding commenced with the Complaint filed by DEBTOR against DEFENDANTS in the United States Bankruptcy Court for the District of Delaware, Adv. No. 02-50501, and subsequently removed to District Court.

H.  "ANSWER" means DEFENDANTS' Answer to Complaint For Breach Of Contract.

I.  In responding to these Document Production Requests, YOU shall provide DOCUMENTS that are known or available to YOU, YOUR attorneys, YOUR accountants, to any of YOUR investigators, employees, agents, or other persons serving YOU or YOUR attorneys. Reasonable investigation is required of YOU to provide a complete response. If, after making such an investigation or having one made, YOU are still unable to fully respond, YOU are required to respond to the extent possible, and, further, to explain what investigative steps were undertaken, and how and why YOU are unable to provide a complete response.

J.  Throughout these Document Production Requests, the use of the masculine, feminine or neuter is to be understood to include each of the others, where that is necessary to a reasonable understanding of the Document Production Request. Similarly, the use of the plural is to be understood to include the singular, and vice versa.

K.  If YOU contend that any DOCUMENT called for by any of these Document Production Requests is privileged, in whole or in part, or if YOU otherwise object to any part of any Document Production Request, state the reasons for each objection, claim of privilege and/or ground for refusal to produce, and identify each person having knowledge of the factual basis, if any, on which each objection, claim of privilege and/or other ground(s) for refusal to produce is asserted.

L.  If any DOCUMENTS requested herein have been lost or destroyed, the DOCUMENTS so lost or destroyed shall be identified by author, date, and subject matter. In addition, the date of disposal, the manner of disposal, the reason for disposal, the PERSON authorizing disposal, and the PERSON disposing of the DOCUMENTS shall be identified.

DOCS_LA:128933.2

M. All DOCUMENTS produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph of this request to which they are primarly responsive.

N. These Document Production Requests are of a continuing nature. If YOU acquire additional DOCUMENTS responsive to these Document Production Requests after the service of YOUR responses thereto, YOU shall promptly furnish such DOCUMENTS to the undersigned attorneys.

## DOCUMENT PRODUCTION REQUESTS

**DOCUMENT REQUEST NO. 1:**

Please produce all invoices issued by PLAINTIFF and received by YOU from January 1, 1999 to September 1, 2000, with respect to all contracts or agreements in effect between YOU and PLAINTIFF for product or services rendered to YOU.

**DOCUMENT REQUEST NO. 2:**

Please produce all work orders issued by PLAINTIFF and received by YOU from January 1, 1999 to September 1, 2000 with respect to all contracts or agreements in effect between YOU and PLAINTIFF for product or services rendered to YOU.

**DOCUMENT REQUEST NO. 3:**

Any and all DOCUMENTS which reflect payments made by YOU to PLAINTIFF for the period of January 1, 1999 to September 1, 2000.

**DOCUMENT REQUEST NO. 4:**

Any and all DOCUMENTS forwarded by YOU to PLAINTIFF disputing, questioning or taking issue with any invoice and/or bill issued by PLAINTIFF to YOU for the period of January 1, 1999 to September 1, 2000.

**DOCUMENT REQUEST NO. 5:**

Any and all DOCUMENTS subsequent to January 1, 1999 which memorialize any reconciliation of amounts paid to PLAINTIFF by YOU, amounts owed to Inacom by YOU, and/or offsets, credits or reconciliation of sums owed.

**DOCUMENT REQUEST NO. 6:**

Any and all copies of the Master Agreement, including drafts and executed versions, entered in to between PLAINTIFF and YOU in 2000 including all amendments, and exhibits thereto.

**DOCUMENT REQUEST NO. 7:**

Any and all DOCUMENTS forwarded by YOU to any third party, including but not limited to Wood Technologies Corporation, with respect to overseeing the analysis, scrutiny, review, and/or payment of invoices, bills, services, or product provided by PLAINTIFF to YOU from January 1, 1999 to September 1, 2000.

**DOCUMENT REQUEST NO. 8:**

Any and all DOCUMENTS received by YOU from any third party, including but not limited to Wood Technologies Corporation, with respect to overseeing the analysis, scrutiny,

DOCS_LA:128933.2

review, and/or payment of invoices, bills, services, or product provided by PLAINTIFF to YOU from January 1, 1999 to September 1, 2000.

**DOCUMENT REQUEST NO. 9:**

Please produce all DOCUMENTS which support the assertions within ¶12 of the ANSWER.

**DOCUMENT REQUEST NO. 10:**

Please produce any and all DOCUMENTS which support YOUR Third Affirmative Defense.

**DOCUMENT REQUEST NO. 11:**

Please produce any and all DOCUMENTS which support YOUR Fourth Affirmative Defense.

**DOCUMENT REQUEST NO. 12:**

Please produce any and all DOCUMENTS which support YOUR Fifth Affirmative Defense.

**DOCUMENT REQUEST NO. 13:**

Please produce any and all DOCUMENTS which support YOUR Sixth Affirmative Defense.

**DOCUMENT REQUEST NO. 14:**

Please produce any and all DOCUMENTS which support YOUR contention that PLAINTIFF has released YOU from any of the amounts alleged outstanding in the COMPLAINT.

DOCS_LA:128933.2

**DOCUMENT REQUEST NO. 15:**

Please produce any and all DOCUMENTS which support YOUR contention that the COMPLAINT is barred under the applicable statutes of limitations.

**DOCUMENT REQUEST NO. 16:**

Any and all DOCUMENTS forwarded by YOU to PLAINTIFF with respect to the negotiation or execution of a Master Agreement with Plaintiff in 2000.

**DOCUMENT REQUEST NO. 17:**

Any and all DOCUMENTS issued or exchanged by YOU between January 1, 1999, and September 1, 2000, which discuss, reference, or memorialize invoices and/or amounts billed by PLAINTIFF and/or amounts to be paid or rejected by YOU.

**DOCUMENT REQUEST NO. 18:**

Any and all DOCUMENTS forwarded by YOU to PLAINTIFF with respect to the negotiation or execution of a Master Agreement with Plaintiff.

**DOCUMENT REQUEST NO. 19:**

Any and all DOCUMENTS forwarded by YOU to PLAINTIFF with respect to the negotiation or execution of a interim agreement for products and services with Plaintiff subsequent to January 1, 1999.

**DOCUMENT REQUEST NO. 20:**

Any and all DOCUMENTS, contracts or agreements in existence between YOU and any third party, including but not limited to Wood Technologies Corporation, with respect to

DOCS_LA:128933.2

overseeing the analysis, scrutiny, review, and/or payment of invoices, bills, services, or product provided by PLAINTIFF to YOU from January 1, 1998 to September 1, 2000.

**DOCUMENT REQUEST NO. 21:**

Any and all DOCUMENTS which support or evidence any claim by YOU of sums owed by PLAINTIFF for merchandise not returned.

**DOCUMENT REQUEST NO. 21:**

Any and all DOCUMENTS which were forwarded to PLAINTIFF identifying sums owed for merchandise not returned to YOU by PLAINTIFF.

**DOCUMENT REQUEST NO. 22:**

Any and all DOCUMENTS which support any denial by YOU of a Request For Admission that was served concurrently herewith.

Dated: September 10, 2004

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Counsel for Debtors and Debtors in Possession

– and –

Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Boulevard
Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910

-9-

Facsimile: (310) 201-0760

Counsel for INACOM CORP., on behalf of
the estates of Debtors INACOM CORP., *et al.*

DOCS_LA:128933.2

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On September 10, 2004 I placed with this firm at the above address for deposit with the United States Postal Service true and correct copies of the within documents:

**PLAINTIFF'S FIRST SET OF DOCUMENT PRODUCTION REQUESTS**

in sealed envelopes, postage fully paid, addressed as follows:

| | |
|---|---|
| Daniel B. Rath, Esquire | Glenn M. Reisman, Esq. |
| Kristin A. Giakas, Esquire | Two Corporate Drive |
| Rebecca L. Butcher, Esquire | P.O. Box 861 |
| Landis Rath & Cobb LLP | Shelton, CT  06484-0861 |
| 919 Market Street, Suite 600 | |
| Wilmington, DE  19801 | |

Following ordinary business practices, the envelopes were sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 10, 2004 at Los Angeles, California.

_____
Melisa DesJardien

DOCS_LA:84772.1
DOCS_LA:128933.2