IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INACOM CORP., et al. [1],<br><br>Debtors. | Chapter 11<br><br>Case No. 00-2426 (PJW)<br>(Jointly Administered) |
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | BK Adv. No. 03-50501<br>DIST Adv. No. 04-612 |

## NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE

Pursuant to Federal Rules of Civil Procedure Rule 30 and Rules of Bankruptcy Procedure Rule 7030(b), Inacom Corp. (the "Plaintiff" or "Inacom"), hereby provides Notice of Deposition to:

> Rebecca L. Butcher
> Landis Rath & Cobb LLP
> 919 Market Street, Suite 600
> Wilmington, DE 19801

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

42125-003\DOCS_LA:132054.1

PLEASE TAKE NOTICE that Jeffrey P. Nolan, attorney for Plaintiff, will take the deposition upon oral examination of the Person Most Knowledgeable at GE Appliances, beginning at 9:30 a.m. on December 2, 2004 at the law offices of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., located at 919 North Market Street, 16th Floor, Wilmington, DE 19899-8705, or at any other mutually agreeable location within 100 miles of where the designated person(s) reside and/or work, regarding the subject matters set forth in Schedule A. The deponent is also requested to bring those documents identified in Schedule B. The deposition will take place pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths. The deposition will be taken by stenographic means.

Dated:   November 12, 2004

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (DE Bar No. 2436)
Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

Counsel for Debtors and Debtors in Possession
INACOM CORP.

# SCHEDULE A

1. All reconciliations of payments made between YOU and Inacom subsequent to January 1, 1999

2. All contracts for services between Inacom and YOU in existence between January 1, 1999 and September 1, 2000.

3. Any contracts for product between Inacom and YOU in existence between January 1, 1999 and September 1, 2000.

4. Communications between Inacom and YOU concerning amounts alleged to be owed between YOU and Inacom between January 1, 1999 and September 1, 2000.

5. Adjustments, offsets, or rebates taken by YOU against any sums owed to Inacom between January 1, 1999 and September 1, 2000.

6. Contracts between YOU and any third-party such as, but not limited to, Woods Technologies International, to review billings or invoices such as those issued by Inacom to YOU between January 1, 1999 and September 1, 2000.

7. GE Appliance Master Agreement in effect in 1999 and/or 2000.

8. Adjustments, review and or reconciliations of account #46013671

## **DEFINITIONS**

"YOU" or "YOUR" means General Electric Company, and shall include GE Appliance and its, representatives, attorneys, accountants, and all other persons acting on its behalf or under its control.

## SCHEDULE B

1. All reconciliations received and/or forwarded to/from Inacom on account #46013671 between Inacom and YOU between January 1, 1999 and September 1, 2000.

2. All documents received from Inacom evidencing payments made on account #46013671 between January 1, 1999 and August 1, 2000.

3. All documents comprising any audit performed by YOU, or anyone on YOUR behalf, with respect to any invoices received from Inacom or Vanstar and sums paid thereon from January 1, 1999 to September 1, 2000.

4. All documents issued by YOU to other members or employees of YOU concerning any adjustments, review and or reconciliations of account #46013671.

5. All guidelines, procedures, rules or perimeters set between Wood Technologies International and YOU for review of invoices and/or accounts between January 1, 1999 and September 1, 2000, including but not limited to those in effect with Inacom.

6. GE Appliance Master Agreement, and terms in effect in 1999 and/or 2000 between YOU and Inacom.

## DEFINITIONS

"YOU" or "YOUR" means General Electric Company, and shall include GE Appliance and its, representatives, attorneys, accountants, and all other persons acting on its behalf or under its control.

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) 
CITY OF LOS ANGELES )

I, Penny Harms, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067.

On November 12, 2004, I caused to be served the **NOTICE OF DEPOSITION OF PERSON MOST KNOWLEDGEABLE** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Rebecca L. Butcher*
*Landis Rath & Cobb LLP*
*919 Market Street, Suite 600*
*Wilmington, DE 19801*

✓ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at [City], [State], in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FAX)** I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ **(BY PERSONAL SERVICE)** By causing to be delivered by hand to the offices of the addressee(s).

☐ **(BY OVERNIGHT DELIVERY)** By sending by _____ to the addressee(s) as indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on November 12, 2004, at Los Angeles, California.

_____
Penny Harms