IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: INACOM CORP., et al.

---

| | |
|---|---|
| Inacom Corp., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 04-612 GMS |
| | ) |
| v. | ) |
| | ) |
| General Electric Company, | ) |
| | ) Adversary Case No. 03-50501 |
| Defendant. | ) Bankruptcy Case No. 00-2426 PJW |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendant General Electric Company ("GE") hereby opposes the Motion in Limine filed by Plaintiff Inacom Corp. ("Inacom") and in support hereof states the following:

1. Defendant General Electric Company has been diligent in its efforts to locate documents or individuals with information regarding the claims set forth in Inacom's Complaint.

2. The filing of the pre-trial order has brought to light an issue previously unexamined in the search for a person or documents with information regarding the claims, the issue of whether a prior order of the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") settled the claims set forth in the Complaint.

3. To the extent Defendant GE will seek put forth any witnesses or documents at trial, the evidence presented would solely be on the issue of whether the Bankruptcy Court's order governs the disposition of this action.

4. Under the standard set forth in *Kirby v. U.S. Bancorp Leasing & Financial (In re Vectour Inc.)*, 2005 Bankr. LEXIS 53 (Bankr. D. Del. January 20, 2005), the factors weigh in favor of GE being allowed to present such evidence. As in *Kirby*, the sanctions sought here would completely eliminate GE's ability to defend against Inacom's claims and would be tantamount to granting summary judgment. When considering granting a motion for such sanctions the *Kirby* court set forth the following factors to be considered:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Kirby*, 2005 Bankr. LEXIS 53, at * 14.

5. To the extent that GE will seek to present any witnesses or documents at trial the evidence will be solely related to the issue of whether a prior order of the Bankruptcy Court has settled the claims at issue. Defendant GE has put forth its best efforts to locate the persons and documents with information regarding the claims at issue in this matter. GE will present any evidence on this limited issue discovered between now and trial to Inacom at the earliest possible time.

6. The prejudice to Inacom is limited by GE's limited exception to the Motion in Limine. Presumably Inacom, who filed the Motion to Approve the Settlement Agreement in the Bankruptcy Court, has the same knowledge about the settlement agreement and its terms as persons at GE. Admittedly, the time is running short prior to trial, however as Inacom identified the settlement as a potential issue for trial in the Pre-Trial Order that Inacom drafted, Inacom is and has been aware of this issue prior to its discussion here.

7. GE does not have a history of dilatoriness. GE has made best efforts to discover persons and documents with information regarding this matter, GE has only sought one continuance of this matter, GE has not violated any orders to compel and GE is seeking only limited relief from this Court in response to Inacom's Motion in Limine.

8. Incaom has not asserted any bad faith on GE's part. (Memo. p. 5). Indeed, there has been no bad faith. Should GE discover any evidence regarding the issue of whether this matter is covered by a settlement, outside of Bankruptcy Court documents of which this Court may take judicial notice, GE will present that information to Inacom as soon as it is discovered. As Inacom noted, if such information will be presented, the Court can inquire at that time as to GE's bad faith, or lack thereof, in failing to discover this information earlier.

9. The Court can fashion sanctions that will be just as effective in limiting Inacom's prejudice as an order granting the motion in limine. GE can be limited to presentation of evidence regarding the one issue of whether Inacom's claims were covered by a prior settlement approved by the Bankruptcy Court. Inacom can be allowed time to review any documents produced or any witnesses identified with regard to this issue. Any further discovery can be limited so the trial will not be greatly delayed. The Court may fashion other relief so as to limit the prejudice to Inacom while allowing the just determination of the singular issue of whether a prior settlement agreement has resolved Inacom's claims in this matter.

10. Finally, the one issue on which GE may seek to present evidence is potentially dispositive of the entire matter. If these claims have been resolved by a settlement agreement, then the terms of the parties' bargained for agreement should be honored. If they have not, then GE is not seeking to present evidence or re-open discovery into the validity of the invoices or any other factual issue with regard to Inacom's claims in this matter.

Defendant General Electric Company respectfully requests that Plaintiff Inacom Corp's Motion in Limine be denied with regard to the issue of the existence and enforcement of a settlement agreement approved by the Bankruptcy Court that resolves the claims asserted in this matter and that the Court grant such other and further relief as necessary to allow the presentation of evidence by GE on this issue.

        **LANDIS RATH & COBB LLP**

        _/s/_
        Daniel B. Rath, Esquire (#3022)
        Rebecca L. Butcher, Esquire (#3816)
        919 Market Street, Suite 600
        Wilmington, DE 19801
        (302) 467-4400

        **Attorneys for Defendant General Electric Company**

## CERTIFICATE OF SERVICE

I, Rebecca L. Butcher, hereby certify that a true and correct copy of the foregoing Memorandum of Points and Authorities in Opposition to Plaintiff's Motion in Limine was served this 11th day of April, 2005 on the following in the manner indicated:

**VIA E-Filing and Hand Delivery**
Laura Davis Jones, Esquire
Sandra G. McLamb, Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19801

**Via First Class U.S. Mail and Facsimile**
Andrew W. Caine, Esquire
Jeffrey P. Nolan, Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
10100 Santa Monica Boulevard
11th Floor
Los Angeles, California 90067-4100
(310) 201-0760 Facsimile

Dated: April 11, 2005

_____
Rebecca L. Butcher ( #3816)